## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CESARINA PATRICIA GUZMAN BATISTA,

    Petitioner,

    v.                                  No. 2:26-cv-01466-SMD-KRS

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
### AND LIFTING STAY FOR PURPOSE OF TRANSFER TO NEW FACILITY

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and Respondents' motion to quash the order enjoining transfer (Doc. 11). Upon review of the record and the relevant law, Respondents' motion is **GRANTED IN PART** and the habeas petition is **DENIED**.

### BACKGROUND

Petitioner Cesarina Patricia Guzman Batista, a citizen of the Dominican Republic, is currently in the custody of Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 1.

Petitioner became a lawful permanent resident ("LPR") on February 21, 2007 and settled in Miami, Florida. *Id.* ¶ 5. On July 3, 2015, Petitioner landed at Boston's Logan Airport where officials discovered 2400 grams of cocaine in her suitcase. *Id.*; Doc. 9 at 2. Petitioner was then charged with, and later convicted for, possession of a controlled substance. Doc. 1 ¶ 15. When Petitioner was released from custody, she was served with a notice to appear ("NTA"). *Id.* The

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security. All future filings should be in the name of the substituted party.

NTA states that due to her conviction, Petitioner is inadmissible under the Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II).  Doc. 9 at 2.  However, the Department of Homeland Security still granted Petitioner work authorization upon release.  *See* Doc. 1, Ex. 2.  The authorization instructs that Petitioner should not be admitted as LPR and that the documentation may only be used for work and travel.  *Id.* at 2.  Her 2018 work authorization states the same.  *See id.* at 5.  In the fall of 2017, Petitioner was arrested for grand larceny.  Doc. 9 at 2.  She was convicted of misdemeanor larceny on January 10, 2018.  *Id.*  Petitioner filed an application for cancellation of removal on July 17, 2018.  Doc. 1 ¶ 14.  Her application remains pending.  *Id.*

On April 16, 2026,[2] Petitioner went to Miami International Airport to "obtain evidence of her status as a lawful permanent resident."  *Id.* ¶ 15.  Customs and Border Patrol ("CBP") officers immediately arrested Petitioner and transferred her to ICE custody. *Id.* Petitioner was originally held in Jacksonville, Florida before being transferred to the Otero County Processing Center.  *Id.*

On May 7, 2026, Petitioner filed a petition for a writ of habeas corpus and alleged that her detention violated her Fifth Amendment Due Process rights.  *Id.* ¶¶ 19–21.

On June 4, 2026, Petitioner assaulted an officer at Otero.  Doc. 11 at 1.  Respondents accordingly ask the Court to lift the order enjoining Petitioner's transfer so that she may be moved to a higher security facility.  *Id.*  Petitioner opposes this motion and urges the Court to instead authorize her immediate release from detention, thereby mooting the Respondents' motion.  Doc. 12 ¶ 2.  In the alternative, Petitioner asks that the Court retain jurisdiction over the habeas proceeding even if Petitioner is relocated to a facility outside of New Mexico.  *Id.* ¶ 3.

### LEGAL STANDARDS

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

---

[2] Respondents state that Petitioner arrived at the Miami International Airport on April 13, 2026. This discrepancy is immaterial for the issues presented. Doc. 9 at 3.

immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C. §§ 1182 and 1225

The Illegal Immigration Reform and Immigration Responsibility Act of 1996 governs lawful permanent residents' legal status. Under 8 U.S.C. § 1101(a)(13)(C), an individual who has been granted lawful permanent residence status will nonetheless be deemed as "seeking an admission" if they "have committed an offense identified in section 1182(a)(2)[.]" Section 1182(a)(2)(A) of Title 8 of the United States Code encompasses two types of crimes—those of moral turpitude and those that violate any law or regulation relating to a controlled substance. Thus, an individual who has committed an offense in either category will be governed by 8 U.S.C. § 1225(b). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond. "The sole means of release for noncitizens detained pursuant to § 1225(b) is temporary parole at the discretion of DHS under 8 U.S.C. § 1182(d)(5)." Doc. 9 at 4–5 (citing *Jennings*, 583 U.S. at 300).

**DISCUSSION**

I.      Petitioner Is Subject to Mandatory Detention Under § 1225(b).

It is plain from the record and the applicable statutes that because Petitioner was convicted of possessing a controlled substance, she is "seeking admission" and her detention is mandatory. 8 U.S.C. § 1182(a); *Jennings*, 583 U.S. at 311. Petitioner never directly addresses this fact.

3

Instead, she admits that she is an "arriving alien" while maintaining that her arrest was "without cause" and her detention is unlawful. Doc. 1 ¶ 16. The Court is unpersuaded. CBP did have cause for arrest, namely Petitioner's conviction for cocaine possession, which authorized them to place Petitioner in detention. Doc. 9 at 2; *Jennings*, 583 U.S. at 300 (explaining that § 1225(b)'s language "unequivocally mandate[s] that aliens falling within [the section's] scope 'shall' be detained"). Petitioner herself notes that she "cannot seek release from custody on bond before the Immigration Court because of the charges in her NTA." Doc. 1 ¶ 20. There is therefore no statutory basis for habeas relief.

## II.    Petitioner's Detention Does Not Violate the Fifth Amendment.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner challenges her ongoing detention as a violation of the Fifth Amendment. Although Petitioner undoubtedly has a personal interest in being free from detention, it is not one that the Due Process Clause protects. *Cf. Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976) ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens."). The Supreme Court addressed a parallel question in *Demore v. Kim*, 538 U.S. 510 (2003)—whether a lawful permanent resident held in mandatory detention for over six months under 8 U.S.C. § 1226(c) had a due process right to a bond hearing or release. Section 1226(c) obligates the Attorney General to take any noncitizen who has violated § 1182(a)(2) into custody. Though § 1226(c) covers a different class of

immigrants than § 1225(b), its impact on the right to be free from detention is parallel. The Court concluded he did not because "[d]etention during removal proceedings is a constitutionally permissible part of the process." *Demore*, 538 U.S. at 530. There may be a point where this detention becomes "unreasonable or unjustified." *Id.* at 531 (J., Kennedy, concurring). But if there is, Petitioner has not yet reached it. Petitioner does not argue she should not have been "included in a mandatory detention category" nor can she contend that a four-month long detention is unreasonable given that *Demore* sanctioned detentions exceeding six months. *Id.* (citation omitted). The Court finds that Petitioner's ongoing detention is therefore permissible under the Fifth Amendment's Due Process Clause.

III.     Respondents Are Entitled to an Order Partially Lifting the Stay.

Lastly, the Court lifts the stay enjoining transfer for the limited purpose of moving Petitioner to a higher security facility. Detainees generally do not have a right to challenge their transfer to another facility, unless the transfer is retaliatory or punitive, and courts must refrain from interfering with federal officials' housing decisions. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State[.]"). It is the U.S. Attorney General's prerogative to "arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." 8 U.S.C. § 1231(g); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (explaining that § 1231(g) gives the Attorney General "discretionary power to transfer aliens from one locale to another, as she deems appropriate"). Respondents' decision to transfer Petitioner due to safety concerns[3] is decidedly outside of this Court's purview. The Court will review any subsequent habeas petitions

---

[3] In opposition to Respondents' motion, Petitioner highlights a corrections officer sexually abused her while she was incarcerated in Massachusetts and that she suffers PTSD from this event. The Court acknowledges the abject tragedy of that event. However, Petitioner fails to explain how it mitigates against her transfer and it is not considered as part of the Court's analysis.

consistent with its jurisdiction pursuant to 28 U.S.C. § 2241 and will not preemptively retain jurisdiction over any matter. *Rumsfeld v. Padilla,* 542 U.S. 426 (2004).

**CONCLUSION**

It is hereby **ORDERED**:

1)  The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**;

2)  Respondents' Motion to Lift Order Enjoining Transfer (Doc. 11) is **GRANTED** for the sole purpose of transfer to another facility. Respondents may not transfer Petitioner outside of this district for any other reason;

3)  Petitioner's Emergency Motion to Expedite Decision (Doc. 13) and Second Motion for Writ of Habeas Corpus (Doc. 14) are **DENIED AS MOOT**;

4)  Respondents may transfer Petitioner to either of the following facilities:

    El Paso Processing Center, 8915 Montana Ave., El Paso, TX 79936

    East Montana Detention Facility, 6920 Digital Road, El Paso, TX 79936.

5)  Respondents shall file notice of where Petitioner was transferred to within **48 hours** of the transfer occurring.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**